UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

GHAZIWAN MATA,

    Debtor.
_____/

Case No. 12-52556
Chapter 7
Hon. Walter Shapero

MICHAEL A. STEVENSON, TRUSTEE

    Plaintiff,

vs.

GHAZIWAN MATA,

    Defendant.
_____/

Adv. Pro. No. 12-05535

## OPINION IN CONNECTION WITH DISPOSITIVE MOTIONS OF BOTH DEFENDANT AND PLAINTIFF

This Chapter 7 case was filed on May 21, 2012. In his Schedule B Defendant Debtor listed ownership of an interest in "Joy Express, Inc., 30% share holder no longer operating," and in his Statement of Financial Affairs, in his answer to question 18, he stated "Joy Express, Inc., Liquor store 2009-2011." Plaintiff and Debtor stipulated to the entry of a July 31, 2012 Order for Production of the following documents ("Production Order"):

  1. Detailed profit and loss statement for 2011 for Joy Express, Inc.;

  2. balance sheet for Joy Express, Inc.;

  3. accounts receivables statement for Joy Express, Inc.;

  4. accounts payables statement for Joy Express, Inc.;

  5. asset list for Joy Express, Inc.;

1

6. date of business closing for Joy Express, Inc.;

7. last two years of bank statements for any and all accounts open in the last two years for the business **and** copies of all cancelled checks or general ledger for the accounts for Joy Express, Inc.;

8. articles of incorporation (if incorporated) for Joy Express, Inc.;

9. copies of the most recent financial statement for Joy Express, Inc.;

10. copies of all insurance policies for Joy Express, Inc.;

11. copies of all contracts for Joy Express, Inc.; and

12. last two years of tax returns for Joy Express, Inc.

(the Order also limiting the obligation to produce to the extent that they "are in the Debtor's possession, custody or control"). The Production Order also provided for a 2004 examination of Debtor. Plaintiff thereafter filed a Complaint for Denial of Discharge under 11 U.S.C. § 727(a)(3) and (4). In that Complaint, Plaintiff asserts he conducted the 341 meeting and a 2004 examination of Debtor, from which he ascertained that (a) Joy Express, Inc. was a liquor store of which, until it was sold in 2011, Debtor managed its day to day operations paying vendors and distributors, and writing checks; (b) after the sale, with reference to which Debtor says he was not consulted and with reference to which he received no proceeds, and had no part, Debtor stayed on for some months as manager; (c) Debtor had signed the Articles of Incorporation of that entity in 2008; and (d) the owner of the majority interest in that entity was Steven Yaldo for whom Debtor had no contact information, and had the name of someone who might have been the accountant for that entity. The Complaint cites the Production Order in which, as noted, to the extent such were in his possession, custody and control, Debtor was ordered to produce the above documents, and, all of which Debtor

stated, were not in his care, custody and control and thus, he was unable to produce them. The Complaint seeks denial of discharge alleging that by non-compliance with the Production Order, Debtor failed to keep and preserve, etc., papers from which the Debtor's financial condition might be ascertained, and, that Debtor knowingly and fraudulently withheld such information from the Plaintiff.

Debtor filed motions for dismissal under Fed.R.Bankr.P 7012, and for Summary Judgment under Fed.R.Bankr.P 7056, to which Plaintiff countered with his own Motion for Summary Judgment, all of which were heard together.

Debtor's Motion for Summary Judgment is supported by an affidavit of the Debtor which states in its entirety as follows:

> 1. 1 am a Debtor in the Chapter 7 Case No. 12-52556, which was filed on May 21, 2012.
>
> 2. I have read and reviewed the Order to Produce Documents and Conduct 2004 Examination.
>
> 3. I do not and have not ever had possession, custody, or control of any of the documents listed in the Order to Produce Documents and Conduct 2004 Examination.
>
> 4. In 2008, I invested approximately $25,000.00 in Joy Express, Inc., a business owned and operated by Steve Yaldo.
>
> 5. In return for the investment, I was to receive a 25% interest in Joy Express, Inc.
>
> 6. I never, at any time, had control of the corporation Joy Express, Inc.
>
> 7. I was not responsible for the financial statements or the bookkeeping of Joy Express, Inc.
>
> 8. Rather, Joy Express, Inc. was run and operated by Steve Yaldo.
>
> 9. The only involvement I had related to Joy Express, Inc., was the operation of a convenience store.

10. I was involved with and was responsible for day to day operations at the convenience store. My employment mostly involved operating the cash register.

11. I handled supplier deliveries and paid for utility bills as they were received.

12. I had check writing privileges solely to pay for utilities and liquor orders.

13. To the best of my knowledge, the bookkeeping was handled by Steve Yaldo's accountant, Roumel Shina.

14. To the best of my knowledge, the legal affairs of Joy Express, Inc. were handled by Charles Frangie.

15. Late in 2011, Steve Yaldo sold the business without consulting me, without my consent, and without repaying my investment.

16. I have received nothing from the sale of the store.

17. I am not aware of the price of the sale.

18. I previously had contacted Steve Yaldo by phone, but my phone calls have not been returned.

19. I no longer have any way to contact Steve Yaldo.

20. I have done all that I can to assist the Trustee in my bankruptcy case.

Plaintiff did not file a counter-affidavit in support of his response to Defendant's Summary Judgment Motion. Essentially that response reiterated the assertions in the Complaint and did not directly refute any of the facts in Debtor's affidavit. Nor did Plaintiff file an affidavit in support of his own counter Motion for Summary Judgment, again relying on the facts asserted in the Complaint.

The pending motions must thus be decided primarily on the basis of Debtor's status as of the Production Order, and the assertions in the Complaint and the referred to affidavit of Debtor, including the apparently undisputed facts that (1) the business of Joy Express, Inc., was sold in late 2011 - some seven or eight months before the filing of this bankruptcy, and (2) Debtor's personal

4

involvement with that business ended a few months after the sale and some four or five months before the filing of Debtor's bankruptcy.

After all is said and done, Plaintiff's case depends on whether or not it can be said that the Production Order documents were in the care, custody, and control of the Debtor. If they were not, the failure to produce them cannot afford a sufficiently legal basis for this asserted non-dischargeability proceeding. Clearly they were not and certainly are not in the physical possession, custody, or care of the Defendant (if indeed they ever were even during the period prior to the sale of the business). So, the case thus essentially boils down to whether they can be said to be in the "control" of the Debtor.

Applicable case law does say that for these purposes, one can be said to be in "control" of such documents or records if one has the legal right to obtain them (even if one does not actually have them in his possession). In an important though not necessarily a dispositive sense, it is the Plaintiff Trustee who now has that right - having obtained it because the Debtor's interest or former interest in Joy Express, Inc., became and remains property of the estate (not exempted by Debtor), and, the Trustee thus stands in the shoes of the Debtor, in that respect. Thus, the Trustee as the successor to the Debtor is in essence the holder of the interest in Joy Express, Inc. (and possibly or arguably alone), and as such is entitled to obtain the statutorily required financial information from, and to inspect the books of (likely encompassing what is encompassed by the Production Order), Joy Express, Inc. pursuant to the statutorily prescribed procedure. See M.C.L.A. 450.1487(1). Regardless, in essence, Plaintiff seeks to draw an inference from the described activities of the Debtor in connection with the business and his position as a minority owner, that he must perforce still have sufficient "control" of the documents sought to enable him to comply with the Production

5

Order, failing which this 727 action can be sustained. Quite aside from whether or not such an inference is even warranted in the first place, any such inference, even if otherwise appropriate, is more than negatived by the other essentially undisputed facts in this case. Those facts are that (1) this case is the bankruptcy case of the Debtor, not Joy Express, Inc.; (2) the business of that entity was sold pre-petition (and presumptively at least such a sale would also include the books and records of that business); (3) Debtor's involvement in the business ended many months before the bankruptcy was filed; and (4) the other facts stated in Debtor's affidavit. The necessary conclusion is that Debtor cannot be said to currently have sufficient "control" over the sought after documents either at the time of filing or now, and thus his non-compliance with the Production Order cannot be a basis for this proceeding. Specifically, Plaintiff cannot make out a case under § 727(a)(3) with reference to which it must be concluded, in any event that given the indicated facts, any failure on the part of Debtor to comply with the Production Order in the words of the statute is "justified under all of the circumstances of the case." In the Court's view, non-compliance with the Production Order is in fact justified under all of the circumstances of the case. As to § 727(a)(4), the proofs clearly do not justify a required conclusion that the failure to produce the documents was knowing and fraudulent.

One can understand the Plaintiff's concern and frustration with the situation and his inability to obtain, at least from Debtor, what he seeks. But we are dealing here with objections to discharge, which is a most serious matter, and is one, which carries with it a heavy burden of proof that in the Court's view has not, and cannot, under the undisputed evidence, be sustained.

Accordingly, the Defendant's Motion for Summary Judgment is granted and the Plaintiff's

counter Motion for Summary Judgment is denied, it being thus unnecessary to rule on Defendant's 12(b)(6) Motion.

Defendant shall present an appropriate order.

**Signed on November 06, 2012**

                **/s/ Walter Shapero**
              **Walter Shapero**
              **United States Bankruptcy Judge**